UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV14-2021

----------------------------------------------------------x

LESLIE COX,

                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID
PARAY, shield #7591, POLICE OFFICERS JOHN DOES
1-5,

                                              Defendants.

**COMPLAINT**

Jury Trial Demanded

GLASSER, J.

----------------------------------------------------------x

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on August 26, 2013, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him. False charges of criminal possession of a weapon were dismissed on August 30, 2013. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. On August 26, 2013, plaintiff was a resident of Brooklyn. Plaintiff is presently a resident of Allentown, Pennsylvania.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"), Brooklyn North Gang Division and /or the 75th precinct. The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8. On August 26, 2013, at approximately 4:00 p.m., plaintiff was walking alone on Glenmore Avenue between Pine Street and Euclid Avenue in Brooklyn, New York, obeying the law when Officer David Paray and a second officer in plainclothes, driving an unmarked car, stopped their car next to plaintiff.

9. One of the officers exited the vehicle with his gun drawn and pointed it at plaintiff.

10. Plaintiff immediately stopped and raised both of his hands in the air.

11. One of the officers stepped in front of plaintiff and struck plaintiff in the nose with the butt of his gun causing plaintiff to fall to the ground, hit his head on the sidewalk, and lose consciousness.

12. When plaintiff regained consciousness, he was handcuffed excessively tight in the back seat of a police vehicle.

13. Plaintiff experienced pain to his head, neck, face, nose, arms and wrists.

14. One of the defendants, while looking directly at plaintiff's face, stated "Oh, that's fucked up".

15. The same officer then took hold of plaintiff's nose, which had been displaced, and twisted it causing plaintiff severe pain.

16. Plaintiff immediately requested medical attention.

17. Defendants refused to transport plaintiff to a hospital.

18. Defendants took plaintiff to a NYPD precinct where they falsely charged plaintiff with possession of a weapon.

19. Defendants refused plaintiff's repeated requests for medical attention.

20. Plaintiff was forced to use his own tee shirt to wipe the blood from his face.

21. At the precinct, a sergeant and other officers aggressively interrogated claimant for approximately one hour about whether plaintiff had any knowledge of gangs, drugs, or guns.

22. Plaintiff was later taken to Brooklyn Central Booking.

23. While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff was found in possession of a weapon.

24. Plaintiff was arraigned in Criminal Court, Kings County, on August 27, 2013, and bail was set in the amount of $25,000 bond or $15,000 cash.

25. Defendants' commencement of a prosecution against plaintiff deprived plaintiff of liberty in that bail was set at his arraignment and plaintiff, who could not post bail, was sent to Riker's Island.

26. On August 30, 2013, the false charges were dismissed.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 4 days and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, and humiliation. Plaintiff also experienced pain and physical injury to the back of his head, neck, and face, including a fracture to his nose. Plaintiff was treated at the New York Eye and Ear Infirmary. On January 9, 2014, plaintiff underwent surgery to repair a deviated nasal septum, chronic nasal obstruction, and nasal deformity caused by the defendants' conduct.

## FIRST CLAIM

### (FALSE ARREST)

28. Plaintiff repeats the foregoing allegations.

29. At all relevant times, plaintiff did not commit a crime or violation.

30. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest on August 26, 2013.

31. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him on August 26, 2013.

## SECOND CLAIM

### (UNREASONABLE FORCE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants' physical force upon plaintiff or failure to intervene to prevent such force was objectively unreasonable and caused plaintiff pain and injury.

34. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him on August 26, 2013.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

35. Plaintiff repeats the foregoing allegations.

36. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

37. Defendants' misrepresentation deprived plaintiff of liberty.

38. Defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

39. Plaintiff repeats the foregoing allegations.

40. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

41. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights on August 26, 2013.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

42. Plaintiff repeats the foregoing allegations.

43. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime on August 26, 2013, and initiated a prosecution against him or played a role in initiating a prosecution against him.

44. Defendants' misrepresentations deprived plaintiff of liberty because he was incarcerated for 4 days after his arraignment.

45. The criminal case filed against plaintiff was ultimately dismissed.

46. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

47. Plaintiff repeats the foregoing allegations.

48. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

49. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

50. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

6

51. Specifically, defendant David Paray has a propensity for engaging in unconstitutional conduct based upon prior lawsuits. *See, Holley v The City of New York, et al.,* 12 CV 02410 (FB)(RER) (defendant, acting in concert with other officers, falsely arrested plaintiff, used excessive force upon plaintiff, denied him a fair trial and maliciously prosecuted him; all criminal charges were dismissed against plaintiff; civil lawsuit settled for an undetermined amount on February 7, 2014), *Owens v The City of New York, et al.,* 09 CV 05148 (NGG)(JO) (defendant, acting in concert with other officers, falsely arrested plaintiff and used excessive force upon plaintiff causing a laceration to plaintiff's forehead and swelling and bruising to his hands; all criminal charges against the plaintiff were dismissed; civil lawsuit settled for $25,000 on April 10, 2010); *Goodwin v The City of New York, et al.,* 09 CV 02110 (FB)(SMG) (defendant, acting in concert with other officers, falsely arrested plaintiff and used excessive force upon plaintiff; all criminal charges against plaintiff were dismissed; civil lawsuit settled for $30,000 on March 8, 2010).

52. Numerous other members of the NYPD have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, selling narcotics, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

53. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

54. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

55. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

56. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: March 31, 2014

IZABEL OLSZOWA GARCIA  
Attorney for plaintiff  
26 Court Street, Suite 1815  
Brooklyn, New York 11242  
(646) 239-4330